**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-6473**

WAYNE PETROSKI,

Plaintiff - Appellant,

v.

ADRIARRE J. BENNETT, Virginia Parole Board Member; KENNETH STOLLE, Sheriff Virginia Beach Correctional Center,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cv-00357-CMH-MSN)

Submitted:  June 14, 2018                                Decided:  June 19, 2018

Before TRAXLER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wayne Petroski, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne Petroski appeals from the district court's order dismissing his civil action under 42 U.S.C. § 1983 (2012) without prejudice, confining his appeal to the portion of the order dismissing his claim for monetary damages pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a 42 U.S.C. § 1983 suit for monetary damages is barred if prevailing in the action would necessarily require the plaintiff to prove the unlawfulness of his conviction or imprisonment).[*] We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Petroski v. Bennett*, No. 1:18-cv-00357-CMH-MSN (E.D. Va. Apr. 20, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We conclude that, although the complaint was dismissed without prejudice, the district court's order qualifies as a final, appealable order because Petroski could not simply amend the complaint to cure the defect identified. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 629-30 (4th Cir. 2015) (holding that dismissal without prejudice is not appealable unless "the district court's grounds for dismissal clearly indicate that no amendment could cure the complaint's defects").